UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ECP STATION I LLC,

    Plaintiff,

v.                                                   Case No: 8:15-cv-2523-T-JSS

JOSEPH P. CHANDY and SUNNY P.
JOSEPH,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment Against Sunny P. Joseph ("Motion"). (Dkt. 28.) Defendant, Sunny P. Joseph, failed to timely respond to the Motion. Consequently, the Court directed Mr. Joseph to respond by May 24, 2016, but he failed to do so. (Dkt. 29.) To date, no response has been filed. Therefore, the Court treats the Motion as unopposed. For the reasons that follow, the Court recommends that Plaintiff's Motion for Summary Judgment be granted.[1]

### BACKGROUND

On April 30, 2004, JJS Chevron, Inc. ("JJS Chevron") executed a promissory note in favor of Banco Popular North America ("Banco Popular") in the principal amount of $1,785,000. (Dkt. 1, Ex. 1.) The note contained a maturity date of April 30, 2014, and was secured by a mortgage

---

[1] Plaintiff and Defendant Sunny P. Joseph have consented to the undersigned to conduct all proceedings in this case. (Dkt. 16.) However, Defendant Joseph P. Chandy is in default, has not appeared in this action, and his consent is not indicated on the consent form filed by the remaining parties. (Dkt. 16.) As such, it appears that the unanimous consent of all parties, either express or implied, has not been obtained, as required under Federal Rule of Civil Procedure 73(b) and Middle District of Florida Local Rule 6.05(e). *See Roell v. Withrow*, 538 U.S. 580, 590 (2003) (accepting implied consent "where the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge"). Accordingly, the undersigned submits this recommendation to the presiding district judge for purposes of entering a case dispositive order.

and other loan documents related to certain real property located in Pasco County, Florida. (Dkt. 1, Ex 1.) Simultaneously with the execution of the note, Defendants, Joseph P. Chandy and Sunny P. Joseph, each individually executed a guaranty of the note whereby they absolutely and unconditionally guaranteed the payment of JJS Chevron's obligations to Banco Popular. (Dkt. 1, Ex. 3.) Banco Popular assigned to Plaintiff, ECP Station I LLC, its right, title, and interest in and to the note on May 20, 2014. (Dkt. 1, Ex. 4.)

Payment on the note became due on April 30, 2014, but neither JJS Chevron nor Defendants paid. (Dkt. 1.) Thereafter, Plaintiff filed a two-count complaint against Defendants for breach of guaranty, alleging that Defendants failed to pay the amounts due under the note upon JJS Chevron's default. (Dkt. 1.) In response, Mr. Joseph filed his Answer and Affirmative Defenses, denying liability and asserting that his signature on the guaranty was forged and that this action should await a resolution of JJS Chevron's bankruptcy case. (Dkt. 10.) Plaintiff now moves for summary judgment on its breach of guaranty claim against Mr. Joseph.[2] (Dkt. 28.)

**APPLICABLE STANDARDS**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.

In considering a motion for summary judgment, the court must draw all inferences and review all of the evidence in the light most favorable to the non-moving party. *Moton v. Cowart*,

---

[2] On May 18, 2016, this case was stayed as to Mr. Chandy pursuant to the filing of his bankruptcy petition. (Dkt. 31.) Plaintiff's Motion for Summary Judgment seeks relief only as to Mr. Joseph. (Dkt. 28.)

631 F.3d 1337, 1341 (11th Cir. 2011). If the movant satisfies its burden of production showing that there is no genuine issue of material fact, then the burden shifts to the non-moving party to present evidence beyond the pleadings showing that a reasonable jury could find in its favor. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). To discharge their respective burdens, the parties may rely on affidavits or declarations that are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Additionally, the court must ensure that the motion is supported by evidentiary materials and, in its order, must "indicate that the merits of the motion were addressed." *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988); *see also United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (providing that the district court cannot grant summary judgment on the mere fact that a motion for summary judgment is unopposed).

Further, before ruling on a motion for summary judgment, the court must provide pro se parties with certain notice regarding summary judgment procedures.[3] *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). Specifically, an adverse party proceeding pro se must be given notice of the summary judgment rules, the right to file affidavits or other material in opposition to the motion, and notice of the consequences of default. *Id.* Once proper notice is given, the court may take the motion under advisement and "may rule on the motion consistent with the dictates of procedural fairness required by Rule 56." *Id.*

---

[3] In the order directing Mr. Joseph to respond to the Motion, the Court provided Mr. Joseph with the required notice. (Dkt. 29.) Copies of the Court's order were mailed to Mr. Joseph by the Clerk, which constitutes proper notice. *See Dunlap*, 858 F.2d at 632 (providing that Federal Rule of Civil Procedure 77(d) deems mailing of any order by the clerk to be notice to a party, regardless of whether the notice is actually received or actually noticed by the party).

# ANALYSIS

Plaintiff seeks summary judgment on its claim of breach of guaranty against Mr. Joseph. In its Motion for Summary Judgment, Plaintiff contends that the undisputed facts establish the following: (1) the existence of Mr. Joseph's guaranty; (2) Mr. Joseph's breach of the guaranty; and (3) the damages that Plaintiff suffered as a result of the breach. (Dkt. 28.) Therefore, the Court must determine whether a genuine issue of material fact exists as to Plaintiff's claim or whether judgment can be entered as a matter of law.

### A.  Breach of Guaranty

The guaranty executed by Mr. Joseph in this case provides that the guaranty "shall be governed, construed and interpreted according to the internal laws of the State of Florida." (Dkt. 1, Ex. 3 ¶ 11.) Because this is a diversity case that originated in a Florida federal court, Florida's conflict of law rules must be applied in considering the enforceability of the choice-of-law provision. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (holding that in diversity cases the federal courts must follow conflict of laws rules prevailing in the states in which they sit). "Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000). Because neither party has raised any claim that the choice-of-law provision violates Florida public policy, and because there is no indication that any prejudice to the public interest requires invalidation of the provision, the choice-of-law provision in the guaranty is enforceable. Therefore, the Court applies Florida law in analyzing the breach of guaranty claim.

"A guaranty is a collateral promise to answer for the debt or obligation of another." *Fed. Deposit Ins. Corp. v. Univ. Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985). As such, a breach

of guaranty claim is akin to a breach of contract claim under which the guarantor is alleged to have breached its promise by failing to pay the debt of another on the default of the person primarily liable for payment. *New Holland, Inc. v. Trunk*, 579 So. 2d 215, 217 (Fla. 5th DCA 1991); *see Swan Landing Dev., LLC v. Fla. Capital Bank, N.A.*, 19 So. 3d 1068, 1072 (Fla. 2d DCA 2009) (recognizing the guaranty as a contract and treating a claim for breach of guaranty as a breach of contract claim). To prevail on a claim for breach of contract under Florida law, the plaintiff must establish the following elements: (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co.*, LLC, 175 F.3d 913, 914 (11th Cir. 1999).

In this case, it is undisputed that a valid guaranty was executed by Mr. Joseph, the guaranty was breached by Mr. Joseph's failure to pay the amount of the debt, and Plaintiff suffered damages as a result of the breach. *See* Fed. R. Civ. P. 56(e)(2) (providing that if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, then the court may consider the fact undisputed for purposes of the motion). In support of its Motion for Summary Judgment, Plaintiff attaches the Affidavit of Nathan Cann, an authorized agent of ECP. (Dkt. 28, Ex. 1.) Mr. Cann states that Mr. Joseph unconditionally guaranteed the payment of JJS Chevron's obligations under the promissory note, as evidenced by the terms of the guaranty. (Dkt. 28, Ex. 1 ¶ 8.) Mr. Cann further states that JJS Chevron defaulted by failing to pay the amounts due under the note, and Mr. Joseph breached his guaranty by failing and refusing to pay upon the non-payment and default of JJS Chevron. (Dkt. 28, Ex. 1 ¶¶ 13–17.) According to Mr. Cann, Plaintiff has incurred a total of $1,434,468.65 in damages as a result of Mr. Joseph's breach, as of April 12, 2016. (Dkt. 28, Ex. 1 ¶ 19.) Specifically, Mr. Cann calculates the damages as follows: $1,140,994.75 in unpaid principal, $135,796.19 in accrued interest, $3,331.86 in unpaid interest, and $154,395.85 in legal fees and costs. (Dkt. 28, Ex. 1 ¶ 19.)

### B. Affirmative Defenses

As his first affirmative defense, Mr. Joseph contends that his signature on the guaranty was forged. (Dkt. 10, ¶ 32.) In diversity cases, federal courts must apply state law with respect to the burden of proof in affirmative defenses, *Vinsant Painting & Decorating, Inc. v. Koppers Co.*, 822 F.2d 1022, 1022 (11th Cir. 1987), and to determine whether a defense not enumerated in Federal Rule of Civil Procedure 8(c) constitutes an affirmative defense, *Troxler v. Owens-Illinois, Inc.*, 717 F.2d 530, 532 (11th Cir. 1983). Under Florida law, forgery is an affirmative defense. *See Lipton v. Se. First Nat'l Bank*, 343 So. 2d 927, 927–28 (Fla. 3d DCA 1977) (providing that forgery must be raised by a specific denial in an answer).

Notably, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In doing so, a party must cite to "particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). However, Mr. Joseph offers no evidence to support his affirmative defense or raise a genuine issue as to the validity of his signature on the guaranty. *See Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) ("If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense.").

Mr. Joseph's second affirmative defense raises Plaintiff's duty to mitigate damages and states that this action should await a resolution of JJS Chevron's bankruptcy case. (Dkt. 10, ¶ 33.) As noted in the Motion for Summary Judgment, JJS Chevron was involved in a Chapter 11

bankruptcy case in the U.S. Bankruptcy Court for the Middle District of Florida, *In re JJS Chevron, Inc.*, 8:15-bk-11397-CPM. (Dkt. 28, Ex. 3.) The case was dismissed with prejudice on March 22, 2016, as evidenced by a copy of the court's order attached to Plaintiff's Motion for Summary Judgment. (Dkt. 28, Ex. 3.) Although the failure to mitigate damages is an affirmative defense, *Maxfly Aviation, Inc. v. Gill*, 605 So. 2d 1297, 1300 (Fla. 4th DCA 1992), Mr. Joseph does not allege that Plaintiff has failed to mitigate damages. Rather, Mr. Joseph merely alleges that JJS Chevron's bankruptcy case may affect the amount of damages but offers no evidence that Plaintiff has failed to mitigate its damages as a result of the bankruptcy case.

Additionally, although Mr. Joseph raised forgery and failure to mitigate damages as affirmative defenses in his answer to the complaint, he failed to raise them in response to the Motion for Summary Judgment. Therefore, Mr. Joseph is deemed to have abandoned these affirmative defenses. *See United States v. Kafleur*, 168 F. App'x 322, 327 (11th Cir. 2006) (citing *Rd. Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (providing that a district court can properly treat as abandoned an affirmative defense raised in a party's answer but not included in its motion for summary judgment or opposition to a motion for summary judgment)). Accordingly, Mr. Joseph's affirmative defenses do not raise genuine issues of material fact that preclude the entry of summary judgment, and summary judgment is appropriate in favor of Plaintiff and against Mr. Joseph as to the breach of guaranty claim.

**C. Damages**

Plaintiff seeks a total of $1,434,468.65 in damages against Mr. Joseph resulting from his breach of guaranty. (Dkt. 28.) When a guaranty is absolute, the guarantor becomes liable immediately upon default in payment by the principal, and "'the person in whose favor the

guaranty runs has no duty to first pursue the principal before resorting to the guarantors.'" *Fort Plantation Invs., LLC v. Ironstone Bank*, 85 So. 3d 1169, 1171 (Fla. 5th DCA 2012) (quoting *Anderson v. Trade Winds Enters. Corp.*, 241 So. 2d 174, 177 (Fla. 4th DCA 1970)). In this case, it is undisputed that the guaranty signed and executed by Mr. Joseph is unambiguously absolute and unconditional. (Dkt. 1, Ex. 3 ¶ 1.) *See Anderson*, 241 So. 2d at 177 ("If a written contract in unambiguous terms expresses an unconditional guarantee, then the guaranty is absolute."). Further, Mr. Joseph's guaranty expressly provides that "the liability of Guarantor under this Guaranty shall be direct and shall not be contingent upon the exercise or enforcement by Lender of whatever rights or remedies it may have against Borrower." (Dkt. 1, Ex. 3 ¶ 2.)

Therefore, after JJS Chevron defaulted on the promissory note, Mr. Joseph became liable for the full amount of indebtedness. However, he is entitled to seek a credit or set-off in the event his obligation is terminated or the mortgaged property securing the note is foreclosed. *See Anclote*, 764 F.2d at 806 (stating that if the principal's obligation has been paid or satisfied, then the guarantor's obligation is terminated); *Provident Nat'l Bank v. Thunderbird Assocs.*, 364 So. 2d 790, 798 (Fla. 1st DCA 1978) (holding that a guarantor on a note secured by a mortgage "cannot be held liable for any part of the indebtedness adjudicated by the final judgment of foreclosure" that had been offset).

In addition, Plaintiff seeks an award of attorneys' fees and costs in the amount of $154,395.85, as provided in the guaranty. Specifically, the guaranty contains a provision providing for the payment of reasonable attorneys' fees incurred in the enforcement of the guaranty. (Dkt. 1, Ex. 3 ¶¶ 1, 8.) Under Florida law, a contract that provides for the payment of attorneys' fees is binding and must be enforced by the trial court. *Burger King Corp. v. Mason*,

710 F.2d 1480, 1496 (11th Cir. 1983). As such, Plaintiff is entitled to an award of attorneys' fees as expressly provided in the guaranty.

In support of its fee request, Plaintiff attaches the Affidavit of Jeremy S. Friedberg, Plaintiff's attorney, in which he states that Plaintiff has incurred $147,360 in attorneys' fees and $7,035.85 in costs to prosecute this action. (Dkt. 28, Ex. A.) Plaintiff does not, however, offer any evidence regarding his hourly rate, the hours expended on the litigation, or the activities performed. *See Tutor Time Merger Corp. v. MeCabe*, 763 So. 2d 505, 506 (Fla. 4th DCA 2000) ("An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved.").

Therefore, although Plaintiff is entitled to attorneys' fees under the guaranty, an evidentiary hearing is required to determine the reasonableness of Plaintiff's fee request. *See Minkoff v. Caterpillar Fin. Servs. Corp.*, 103 So. 3d 1049, 1051 (Fla. 4th DCA 2013) ("Where the damages are unliquidated, a court must consider evidence and testimony to arrive at the appropriate amount."); *Roggemann v. Boston Safe Deposit & Tr. Co.*, 670 So. 2d 1073, 1075 (Fla. 4th DCA 1996) (finding that an evidentiary hearing was necessary to determine the amount of reasonable attorneys' fees to be awarded under a guaranty that provided for the assessment of reasonable attorneys' fees). Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment Against Sunny P. Joseph (Dkt. 28) be **GRANTED** to the extent stated herein.

2. Judgment be entered in favor of Plaintiff, ECP Station I LLC, and against Defendant, Sunny P. Joseph, in the amount of $1,280,122.80, subject to set-off or credit in the event of foreclosure or satisfaction.

3. The Court reserve jurisdiction on the issue of Plaintiff's reasonable attorneys' fees. Plaintiff be further directed to file a motion for attorneys' fees, attaching billing records or time sheets, within fourteen (14) days of the Court's order, after which an evidentiary hearing will be held to determine the reasonableness of the requested fees.

**IT IS SO REPORTED** in Tampa, Florida, on June 29, 2016.

*/s/ Julie S. Sneed*
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Richard A. Lazzara
Counsel of Record
Joseph P. Chandy, 1006 Waterside Circle, Weston, FL 33327
Sunny P. Joseph, 9236 Maple Court, Morton Grove, IL 60053